FILED

**NOT FOR PUBLICATION**

SEP 18 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLATSKANIE PEOPLE'S UTILITY DISTRICT, | No. 10-72838 |
| Petitioner, | BPA Nos.    EL09-12-000 EL09-12-001 |
| GEORGIA-PACIFIC, LLP, | |
| v. | MEMORANDUM[*] |
| BONNEVILLE POWER ADMINISTRATION, | |
| Respondent. | |

On Petition for Review of an Order of the
Bonneville Power Administration

Argued and Submitted July 11, 2012
Portland, Oregon

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: B. FLETCHER and PREGERSON, Circuit Judges, and WALTER, District Judge.[**]

Clatskanie People's Utility District ("Clatskanie") petitions for review of the Bonneville Power Administration's ("Bonneville") Tiered Rate Methodology Record of Decision. We have original subject matter jurisdiction to review justiciable final actions taken by Bonneville under the Pacific Northwest Electric Power Planning and Conservation Act of 1980, 16 U.S.C. §§ 839–839h ("Northwest Power Act"). 16 U.S.C. § 839f(e)(5); U.S. CONST. art. III, § 2, cl. 1. We dismiss the petition in part because Clatskanie's claim that the Tiered Rate Methodology violates the Northwest Power Act is not yet ripe. We deny Clatskanie's remaining arguments as barred by res judicata.

The Tiered Rate Methodology sets a new method that Bonneville will use to calculate future rates charged to public utilities and other public entities. We previously considered a challenge to it by Clatskanie and other petitioners in *ICNU v. BPA*, 388 F. App'x 586 (9th Cir. 2010). In *ICNU*, the petitioners claimed that the Tiered Rate Methodology will result in Bonneville charging rates that violate the Northwest Power Act. We held that because the challenge was based on future rate-making and cost allocation decisions, it would not be ripe for review until

---

[**]    The Honorable Donald E. Walter, Senior District Judge for the U.S. District Court for Western Louisiana, sitting by designation.

Bonneville completed a tiered rate-making proceeding and the Federal Energy Regulatory Commission ("FERC") approved the rates. *Id*. at 589. We rejected on the merits the petitioner's challenge that the Tiered Rate Methodology arbitrarily discriminated in favor of a Department of Energy facility in Richland, Washington. *Id*. at 589–90.

Clatskanie again petitions for review on substantially the same grounds. Clatskanie argues that its statutory challenge is now ripe, even though rates have not yet been approved, because the FERC issued a declaratory order confirming the Tiered Rate Methodology. *Order Granting Petition for Declaratory Order*, 131 FERC ¶61,244 (June 17, 2010). We review issues of law, such as jurisdiction and justiciability, de novo. *See Renee v. Duncan*, 623 F.3d 787, 795 (9th Cir. 2010).

Clatskanie contends that it may challenge any rate-making methodology confirmed by the FERC even before Bonneville sets rates using the methodology. Clatskanie mistakenly relies upon cases that discuss finality and ripeness after FERC review of an "average system cost" methodology. *See Pacificorp v. FERC*, 795 F.2d 816, 818 (9th Cir. 1986); *Pub. Util. Comm'r v. BPA*, 767 F.2d 622, 629 (9th Cir. 1985). An average system cost methodology is part of the Northwest Power Act's power exchange program, in which investor-owned utilities exchange

electric power with BPA. *See* § 839c(c). Under the administrative scheme created by Congress in the Northwest Power Act, the FERC must confirm and approve the average system cost methodology before it is final and subject to judicial review. *Pub. Util. Comm'r*, 767 F.2d at 629. The Northwest Power Act contains no requirement for the FERC to review a methodology to set rates under § 839e. To the contrary, § 839f(e)(4)(D) states that such rates are only deemed final and ripe for review after confirmation and approval by FERC. *See Pac. Nw. Generating Co-op. v. Dep't of Energy*, 580 F.3d 792, 805 & n.20 (9th Cir. 2008); *Cal. Energy Res. Conserv. & Dev. Comm'n v. Johnson*, 807 F.2d 1456, 1463 (9th Cir. 1986).

Further, the FERC declaratory order does not support Clatskanie's contention that the statutory challenge to the Tiered Rate Methodology is ripe. The FERC expressly states in the order that Bonneville had not yet established specific rates, and declared that the Tiered Rate Methodology should not prevent Bonneville from meeting its statutory obligation to recover costs. 131 FERC ¶61,244, at 62,189–90. Because Bonneville may revise the methodology, and the rate-making proceeding and rates are subject to FERC review, the statutory challenge is not yet fit for resolution. We lack jurisdiction and must dismiss this

portion of Clatskanie's petition.[1]  Once Bonneville sets rates using the Tiered Rate Methodology and the FERC approves those rates, Clatskanie and other parties with standing to petition may challenge the rates and the methodology used to set those rates.

Clatskanie additionally claims that the Tiered Rate Methodology (1) arbitrarily and capriciously discriminates in favor of the United States Department of Energy facility in Richland, Washington; and (2) unlawfully delegates rate-making authority to interested private parties.  The first claim was actually raised by Clatskanie and other petitioners in *ICNU* and decided by the court, and the second claim would have been ripe and could have been raised.  *See ICNU*, 388 F. App'x at 589 (holding that petitioners' claim was ripe if it challenged neither rates nor hypothetical characteristics of future rates).  These claims are barred by res judicata.  *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) (holding that a new claim is subject to res judicata if the new claim could have been brought in the earlier suit).

**PETITION 10-72838 DENIED IN PART and DISMISSED IN PART.**

---

[1] Georgia-Pacific, LLC, Clatskanie's largest customer, filed an untimely motion to intervene.  In addition to joining Clatskanie's statutory challenge, Georgia-Pacific raised a regulatory takings claim based on the likely impact of the Tiered Rate Methodology on future rates.  Because neither of these claims are ripe, we deny Georgia-Pacific's motion to intervene.